UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **AMIN RABI HAVI, A# 221 223 340,** § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> **U.S. DEP'T of HOMELAND** §      **SA-25-CV-0896-FB** <br> **SECURITY; ICE; and WARDEN, South** § <br> **Texas ICE Processing Center**[1]**,** § <br> § <br> Respondents. § | |

### ORDER DISMISSING MOTION FOR IFP and
### DIRECTING SERVICE and ANSWER/RESPONSE

Before the Court is *pro se* Petitioner's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (ECF No. 1). Petitioner challenges his detention by the U.S. Department of Homeland Security Bureau of Immigration and Customs Enforcement pending removal proceedings. Although Petitioner filed leave to proceed *in forma pauperis* ("IFP") (ECF No. 5), he subsequently paid the filing fee (ECF No. 4).

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Proceed IFP (ECF No. 5) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the U.S. District Clerk: (1) furnish the Office of the U.S. Attorney in San Antonio, Texas, with copies of the Petition (ECF No. 1) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process on Respondents Noem and Lyons; and (2) serve Respondent Diaz by certified mail return receipt requested.

---

[1] Although Petitioner named the U.S. Dept't of Homeland Security and ICE as Respondents, the proper respondent to a habeas petition is the person who has custody over the petitioner. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004). Accordingly, the Court has added the Warden of the South Texas ICE Processing Center as a respondent in this case.

Additionally, **IT IS ORDERED** that Respondents file an answer or response to the Petition **within thirty (30) days from the date of service**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of September, 2025.**

_____
**FRED BIERY
UNITED STATES DISTRICT JUDGE**