**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AMIN RABI HAVI,** | § | |
| | § | |
| **A# 221 223 340,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **SA-25-CV-0896-FB** |
| | § | |
| **WARDEN, South Texas ICE Processing Center; ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER GRANTING IN PART**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Amin Rabi Havi's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and Federal Respondents' ("Respondents") Response to Petition (ECF No. 12).  The relevant facts are undisputed and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).  After careful consideration, the Court is of the opinion the Petition should be **GRANTED IN PART**.

### BACKGROUND

Petitioner is a native and citizen of Iran who entered the United States on September 23, 2024, without inspection. (ECF No. 12 at 1-2). On October 8, 2024, an asylum officer with United States Citizen and Immigration Services ("USCIS") conducted a credible fear interview with Petitioner. (*Id.*). The following week, Petitioner received a negative credible fear determination and requested review by an immigration judge. (*Id.*). On October 31, 2024, the immigration judge conducted a review of USCIS's determination and affirmed the asylum

officer's decision. (*Id.*). The immigration judge returned the case to ICE to execute the removal order. (*Id.*).

ICE began requesting Iranian travel documents on Petitioner's behalf because Petitioner, who alleged his identification, along with his money and phone, were stolen in Mexico prior to his entry into the United States, did not possess identification documents. (*Id.*). On February 26, 2025, ICE mailed a travel document request to Iran. (*Id.*). However, Iran denied the request for failure to verify Petitioner's identity. (*Id.*). On May 21, 2025, ICE submitted third country removal requests to Mexico, Guatemala, and Honduras. (*Id.*). On September 13, 2025, ICE obtained Petitioner's agreement to be removed to a third country. (*Id.* ¶ 4(m)). On October 14, 2025, ICE resubmitted a travel document request to Iran, along with Petitioner's newly identified passport number. (*Id.*). ICE is awaiting a response from Iran on the request for Petitioner's travel document. (*Id.*). Additionally, ICE is awaiting a response from Mexico, Guatemala, and Honduras as to whether they will accept Petitioner. (*Id.*, Exh. A at ¶ 4).

On July 28, 2025, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention is baseless and violates his constitutional rights. (ECF No. 1 at 6). To date, Petitioner remains detained at the South Texas Ice Processing Center in Pearsall, Texas.

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate,* No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (*quoting* 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the

evidence." *Id*. (*quoting Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and *citing Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id*. (*quoting* 28 U.S.C. § 2243).

## DISCUSSION

Petitioner challenges the legality of his post-removal-order detention. (ECF No. 1). Respondents argue that 8 U.S.C. § 1225(b)(1) authorizes Petitioner's detention. (ECF No. 12 at 4). Section 1225 governs inspection, the initial step in this process, *id.*, providing that all alien "applicants for admission . . . shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3). The statute—in a provision entitled "ALIENS TREATED AS APPLICANTS FOR ADMISSION"—dictates who "shall be deemed for purposes of this chapter an applicant for admission," defining that term to encompass *both* an alien "present in the United States who has not been admitted *or* [one] who arrives in the United States . . . ." *Id.* § 1225(a)(1) (emphasis added).

If the government fails to remove the alien during that period, the Government may exercise discretion to continue detaining certain aliens for as long as is "reasonably necessary" to secure their removal. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(6). But this discretion is not "unlimited." *Id.* at 697. Under *Zadvydas*, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."[1] Thus, a court assessing detention beyond the removal period must ask "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.*

---

[1]*Id.* at 699. The *Zadvydas* Court limited its holding to "aliens who were admitted to the United States but subsequently ordered removed." *Id.* at 682. This holding was later extended to aliens who, like Petitioner, were never admitted and charged as inadmissible under 8 U.S.C. § 1182. *Clark v. Suarez Martinez*, 543 U.S. 371 (2005).

3

To aid this inquiry, the *Zadvydas* court recognized a "presumptively" reasonable period of post-removal-order detention lasting six months. *Id.* A detained person who brings a *Zadvydas* claim before the presumptively reasonable six-month period must prove "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* To make out a *Zadvydas* claim after the six months have run, a detained noncitizen need only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If he succeeds in doing so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And "as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Respondents contend that notwithstanding Petitioner's contention that there is no basis for his continued detention, Petitioner has a final order of removal dated October 31, 2024, which not only mandated his detention under 8 U.S.C. § 1231(a) during the 90-day removal period but allows for continued detention beyond the removal period in the exercise of ICE's discretion, so long as removal is reasonably foreseeable. 8 U.S.C. § 1231(a)(6); *See Zadvydas*, 533 U.S. at 701. Petitioner contends he has been detained for far longer than the presumptively reasonable period, having been initially detained on September 29, 2024, and ordered removed on October 31, 2024.

## A. There Is a Good Reason to Believe Removal Is Not Reasonably Foreseeable

Respondents argue that Petitioner's contention that because he has not yet been removed to Iran or other third countries despite various travel requests is an insufficient reason to believe that removal is unlikely in the reasonably foreseeable future. (ECF No. 12 at 2). Therefore, Petitioner has not met his burden of proof under *Zadvydas,* and the burden of proof does not shift to ICE to show the likelihood of removal. (*Id.*).

However, the ICE officer assigned to Petitioner's case executed his declaration on October 15, 2025. (ECF No. 12-1). At the time, Petitioner had been detained almost twelve months pursuant to an order of removal. (*Id.*). Given current world events and the fact that seven months have now lapsed since the ICE officer executed his declaration, there would seem to be "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**B. The Government Fails to Show a Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Given a good reason to believe that removal is not reasonably foreseeable, the remaining question is whether the Government has evidence to the contrary. Respondents assert the following to support the conclusion that removal is reasonably foreseeable:

> (1) Publicly available statistics show that 11 Iranian nationals were successfully removed in FY2025 (current as of October 2025). *See* ICE Enforcement and Removal Operations Statistics | ICE *supra*. Prior to FY2025, 27 Iranian nationals were successfully removed in FY2024, showing an overall increase in successful removals to Iran since FY 2021. *See* https://www.ice.gov/doclib/eoy/iceAnnualReportFY2024.pdf supra).

> (2) On October 14, 2025, ICE resubmitted a travel document request to the government of Iran, with Petitioner's newly identified passport number. (ECF No. 12, Exh. A at ¶ 4). Concurrently, ICE has sent requests to third countries to accept Petitioner based on Petitioner's agreement to be removed to a third country.

(ECF No. 12 at 5).

This evidence alone is insufficient to meet the Government's burden of demonstrating likelihood of removal in the reasonably foreseeable future. *See Balouch v Bondi,* No. 9:25-CV-216-MJT, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025)2025 WL 2871914 at *3 (where the Government "only made conclusory statements via written declarations that they [were] taking steps to remove [the petitioner] to Iran"). "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable

future." *Rios v. Trump*, No. 25-1320 SEC P, 2026 U.S. Dist. LEXIS 62703, at *4-5 (W.D. La. Mar. 24, 2026). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas,* 533 U.S. at 699–700. Petitioner's detention is unlawful and he must be released.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**.

 **IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART** such that, on or before May 26, 2026, Respondents shall release Petitioner Amin Rabi Havi (A# 221-223-340) from custody, under reasonable conditions of supervision.  In all other respects, the Petition is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before May 28, 2026, Respondents shall **FILE** a notice informing the Court whether Petitioner has been released from custody.

**IT IS FINALLY ORDERED** that all pending motions, if any, are **DISMISSED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon entry of this Order.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of May, 2026.

_____
FRED  BIERY
UNITED STATES DISTRICT JUDGE

6